DECISION AND JUDGMENT ENTRY
This appeal comes to us from the Ottawa County Municipal Court where appellant, Charles Atwater, was tried and convicted of operating a motor vehicle while under the influence of alcohol, in violation of R.C.4511.19(A)(1). Because the trial court's judgment was not against the manifest weight of the evidence, we affirm.
On November 17, 1999, appellant arrived at Mikey's bar in Oak Harbor, Ohio. It was approximately 7:00 p.m. and appellant wanted to shoot pool. While there, he consumed three beers. Around 10:30 p.m., appellant went to the Happy Hour bar where he consumed another two or three beers. Appellant then left Happy Hour, heading for home at 2:10 a.m. On his way home, appellant was stopped by Officer Seaman of the Oak Harbor Police Department. The officer, suspecting that appellant was under the influence of alcohol, instructed appellant to perform several field sobriety tests. Appellant was then arrested and transported to the police station. Once at the police station, appellant was asked to take a breath test, but refused.
At trial, the evidence presented was the arresting officer's testimony, appellant's testimony and photographs of the scene which were taken by appellant. Officer Seaman testified that while covering his patrol route, he observed appellant's vehicle swerve several times to avoid hitting telephone poles on the right side of the road. Furthermore, when appellant turned left, he drove off the side of the road. It was at this point that the officer stopped appellant. The officer also testified that upon approaching appellant's car, he smelled the odor of an alcoholic beverage and noted that appellant's eyes were glassy and bloodshot. The officer asked appellant to perform several sobriety tests, all of which indicated that appellant was under the influence of alcohol.
In contrast, appellant testified that while he did consume at least five beers that evening, his driving was not impaired. He also testified that he did well on all of the sobriety tests. Appellant, nevertheless, admitted that he refused to take a breath test.
The jury found appellant guilty of operating a motor vehicle while under the influence of alcohol. It is from this judgment that appellant appeals, setting forth the following sole assignment of error:
 "THE JUDGMENT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
"The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Tompkins (1997) 78 Ohio St.3d 380, 387 (quoting State v. Martin (1983),20 Ohio App.3d 172, 175). When an appellate court reverses a trial court's judgment on the basis that the verdict was against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the fact finder's resolution of the conflicting testimony. Id. (quoting Tibbs v. Florida (1982) 457 U.S. 31, 42).
Based on our review of the record, we conclude that the trial court's judgment was not against the manifest weight of the evidence. At trial, the officer testified that appellant swerved several times to avoid telephone poles and drove off the side of the road; appellant smelled of alcohol; his eyes were bloodshot; he performed poorly on all the field sobriety tests; he refused to submit to a breath test; and he admitted to consuming at least five beers on the night of his arrest. Based on this evidence, we cannot say the jury's verdict was a "manifest miscarriage of justice."
Accordingly, appellant's sole assignment of error is not well taken.
The judgment of the Ottawa County Municipal Court is affirmed. The court costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J., Mark L. Pietrykowski,P.J., CONCUR.